# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GREGORY MARK NAIRN,<br><br>    Defendant. | No. CR02-4078-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On September 24, 2002, a three count superceding indictment was returned against defendant Gregory Mark Nairn, charging him with conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846, possession of firearms in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(a)(i), and possessing firearms having been previously convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). On December 3, 2002, defendant appeared before United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Counts 1, 2, and 3 of the superceding indictment. On December 3, 2002, Judge Zoss filed a Report and Recommendation in which he recommended that defendant's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. On December 31, 2002, the court accepted Judge Zoss's Report and Recommendation, and accepted defendant's plea of guilty in this case to Counts 1, 2, and 3 of the superceding indictment.

Defendant Nairn was subsequently sentenced to concurrent prison terms of 120 months on Count 1, the statutory minimum, and 24 months on Count 3, and a mandatory consecutive 60 month term on Count 2, plus five years supervised release. Defendant Nairn appealed his sentence, arguing that the court erred in not applying a mitigating-role reduction. The Eighth Circuit affirmed defendant Nairn's sentence, concluding that the court was without authority to sentence him below the statutory minimum absent a motion by the government and the government was under no obligation to file a substantial assistance departure motion and that Nairn had not established that the government's decision to not file a departure motion was motivated by anything other than its belief that defendant Nairn had not been truthful. *United States v. Nairn*, 76 Fed. Appx. 114, 2003 WL 22221339, at *1-2 (8th Cir. Sept. 26, 2003).

Defendant Nairn subsequently filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#70). In his § 2255 motion, defendant Nairn challenges the validity of his conviction and sentence on the ground that he was denied the effective assistance of counsel in a number of respects. This matter was referred to United States Magistrate Judge Paul A. Zoss pursuant to 28 U.S.C. §§ 636(b)(1)(B). Judge Zoss conducted an evidentiary hearing and then filed a Report and Recommendation in which he recommends that defendant Nairn's motion be granted. With respect to defendant Nairn's claim that his counsel, Dewey Sloan, Jr., gave him poor legal advice when he recommended that Nairn plead guilty to Count 2 of the indictment, Judge Zoss concluded that "there is nothing in this record to show Nairn's counsel was deficient in recommending that Nairn plead guilty." Report and Recommendation at p. 9. Judge Zoss, however, went on to conclude that defendant Nairn received ineffective assistance of counsel when his attorney permitted him to plead guilty to Count 2 based on an incorrect statement of the elements of the charge in Count 2 provided to defendant

Nairn during the plea colloquy and the government's Rule 11 letter. Judge Zoss concluded that:

> the evidence indicates Nairn discussed the charge with his attorney, and he continued to maintain that his possession of the firearms was not "in furtherance of" the drug offense. However, when the Government presented its Rule 11 letter to the court, and the court explained the elements of the offense to Nairn, he was advised incorrectly that the Government would have to prove he possessed the firearms "during and in relationship to" the drug conspiracy. Nairn admitted during the plea hearing that he possessed the firearms in Count 2 "during and in relationship to" the drug conspiracy charged in Count 1, but he did not admit that he possessed the firearms "in furtherance of" the drug conspiracy, as was charged in the indictment.
> 
> The court finds Nairn's counsel performed ineffectively during the plea hearing by failing to advise his client properly of elements of the charge to which his client was pleading guilty. As a result, Nairn was not on notice of, and did not understand, the true nature of Count 2, with the result that he was unable to make an intelligent and informed decision to waive his right to trial and enter a plea of guilty to the charge.

Report and Recommendation at pp. 23-24. Judge Zoss, therefore, recommended that defendant Nairn's §2255 motion be granted with respect to Count 2.[1] Neither party has filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant

---

[1] The court notes that although defendant Nairn raised several other claims of ineffective assistance of counsel in his motion, defendant Nairn indicated at the time of the evidentiary hearing on his §2255 motion that he was only pursing the two issues mentioned above. Therefore, the court concludes that defendant Nairn has abandoned the other ineffective assistance of counsel claims raised in his §2255 motion.

Nairn's §2255 motion.

## II. LEGAL ANALYSIS

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*), *cert.*

4

*denied*, 518 U.S. 1025 (1996).

In this case, no objections have been filed, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them. Therefore, the court **accepts** Judge Zoss's Report and Recommendation regarding defendant Nairn's §2255 motion. The court grants defendant Nairn's §2255 motion with respect to Count 2. Accordingly, defendant Nairn's guilty plea to Count 2 of the superseding indictment is set aside and the sentence imposed by the court on Count 2 is vacated. A date will be set for trial on Count 2 by separate order. The clerk of court is directed to appoint legal counsel to represent defendant Nairn.

**IT IS SO ORDERED.**

**DATED** this 18th day of January, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:
1/18/06 - s/src - copy to ak for appointment of counsel